IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ATLANTIC RECORDING, Corporation, a Delaware corporation, WARNER BROS. RECORDS, Inc., a Delaware corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, UMG RECORDINGS, Inc., a Delaware corporation, CAPITOL RECORDS, Inc., a Delaware corporation, and BMG MUSIC, a New York general partnership,<br><br>    Plaintiffs,<br><br>  v.<br><br>SCOTT ZRUST,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.  8:06CV268<br><br><br><br><br><br>JUDGMENT BY DEFAULT AND PERMANENT INJUNCTION |

  The Plaintiffs' Complaint that alleges copyright infringement was filed on March 14, 2006.  Defendant Scott Zrust was served with process on August 21, 2006.  (Filing Nos. 10 and 11).  Upon the Plaintiffs' motion, entry of default was made by the Clerk of the Court.  (Filing No. 14).  The matter is now before the Court on the Plaintiffs' Motion For Default Judgment, which is supported by Plaintiffs' brief and the Affidavit of David V. Clark.  (Filing Nos.15 and 16).  Plaintiffs seek default judgment, minimum statutory damages, permanent injunctive relief, and costs from Zrust.

  I have reviewed the matter, and I find that the Plaintiffs have complied with Fed. R. Civ. P.  55 and NECivR 55.1(c).  "A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint."  *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*,  370 F.3d 715, 722 (8th

Cir. 2004). Based on the facts as alleged in the Complaint and in the Clark Affidavit,

IT IS ORDERED, ADJUDGED AND DECREED:

1. Plaintiffs' Motion for Default Judgment (Filing No. 15) is granted;

2. Default Judgment is entered in favor of the Plaintiffs and against Defendant Scott Zrust; as follows:

    a. Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Eight Thousand Two Hundred Fifty Dollars ($8,250.00);

    b. Defendant shall pay Plaintiffs' costs of suit in the amount of Four Hundred Twenty Dollars ($420.00);

    c. Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

    - "Real World," on album "Yourself or Someone Like You," by artist "Matchbox 20" (SR# 227-755);

    - "Scar Tissue," on album "Californication," by artist "Red Hot Chili Peppers" (SR# 174-922);

    - "Down At The Twist And Shout," on album "Shooting Straight In The Dark," by artist "Mary Chapin Carpenter" (SR# 123-535);

    - "A Certain Shade of Green," on album "SCIENCE," by artist "Incubus" (SR# 249-690);

    - "A Long December," on album "Recovering The Satellites," by artist "Counting Crows" (SR# 226-41 5);

- "Father of Mine," on album "So Much for the Afterglow," by artist "Everclear" (SR# 18 1-328);

- "Noodle," on album "Thugs Are Us," by artist "Trick Daddy" (SR# 303-748);

- "Brown Eyed Girl," on album "Songs from an American Movie - Vol. 1, Learning How to Smile," by artist "Everclear" (SR# 284-81 1);

- "Voodoo," on album "Godsmack," by artist "Godsmack" (SR# 241-879);

- "She's Got It All," on album "I Will Stand," by artist "Kenny Chesney" (SR# 238-371);

- "Song Of The South," on album "Southern Star," by artist "Alabama" (SR# 100-925);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED this 26th day of December, 2006.

          BY THE COURT:

          s/Laurie Smith Camp
          United States District Judge